Frank D. Mylar (5116)
MYLAR LAW, P.C.
2494 Bengal Blvd.
Salt Lake City, Utah 84121
Phone: (801) 858-0700
FAX: (801) 858-0701
Mylar-Law@comcast.net

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ESTATE OF MARION HERRERA, <br><br> Plaintiff, <br><br> v. <br><br> WEBER COUNTY, and TERRY THOMPSON in his official capacity, <br><br> Defendants. | **DEFENDANTS' ANSWER TO COMPLAINT** <br><br> Case No. 1:17-cv-00145 <br><br> Judge: Clark Waddoups <br> Magistrate Judge: Brooke C. Wells |

Defendants, through their attorney, Frank D. Mylar, respectfully answer the allegations in Plaintiffs' Complaint (Doc. No. 2) as follows:

All allegations are deemed DENIED except as expressly admitted below. The below paragraphs correspond with the numbered paragraphs of Plaintiffs' Complaint.

**PRELIMINARY STATEMENT**

Defendants deny any wrongdoing alleged in Plaintiff's Preliminary Statement.

**JURISDICTION AND VENUE**

1. Admit that this matter arises from the United States Constitution and 42 U.S.C. § 1983.

2. Admit that jurisdiction is proper.

3. Admit that venue is proper.

4. Deny for lack of knowledge.

5. Admit costs and fees may only be awarded to the "prevailing party."

6. Deny that Plaintiff has brought any State law claims.

7. Deny.

8. Deny.

## PARTIES

9. Deny for lack of knowledge.

10. Deny for lack of knowledge.

11. Deny.

12. Deny because Weber County is a political subdivision of the state of Utah. However, Weber County does operate the Weber County Jail.

13. Admit that Terry Thompson is the duly elected Sheriff of Weber County and is the final policymaker for Weber County with regards to law enforcement and Jail administration.

## FACTS

14. Defendants repeat their answers from paragraphs 1 through 13.

15. Admit that Marion Herrera was booked into the Weber County Jail around this time.

16. Admit Marion Herrera was moved to the medical unit and a medical cell.

17. Deny.

18. Deny for lack of knowledge.

19. Deny for lack of knowledge.

20. Admit that Jail staff saw Herrera awake at 11:30 p.m. on May 21, 2016.

21. Admit that Jail staff visually checked Herrera 1:30 a.m. on May 22, 2016.

22. Deny.

23. Deny.

24. Deny.

25. Deny for lack of knowledge.

26. Deny for lack of knowledge.

27. Deny.

28. Deny.

## COUNT I

29. Defendants repeat their answers from paragraphs 1 through 28.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

## COUNT II

36. Defendants repeat their answers from paragraphs 1 through 35.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

### PRAYER FOR RELIEF

Deny that Plaintiff is entitled to any of his requested relief.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for special and/or punitive damages are unconstitutional as a violation of the Fourteenth Amendment of the United States Constitution.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted in that it has failed to specify a violation of federal law that is cognizable under 42 U.S.C. § 1983.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are speculative, conclusory, and not supported by sufficient factual allegations and as such should be dismissed.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot bring both an Eighth and a Fourteenth Amendment claim for jail conditions of confinement.  If he was a convicted prisoner, the Eighth applies.   If he was a pre-trial detainee awaiting trial, then the Fourteenth Amendment applies.

## FIFTH AFFIRMATIVE DEFENSE

Decedent Marion Herrera failed to exhaust all of her available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, and for this reason the Complaint must be dismissed. Specifically, the Jail has a thorough grievance policy and practice to assert complaints and grievances of all kinds. In addition, any claim for emotional distress must be dismissed based upon the provisions of the PLRA.

**WHEREFORE:** All Plaintiff's claims should be dismissed, and Plaintiff should be ordered to pay Defendants' attorney fees and costs under 42 U.S.C. § 1988. Defendant demands a trial by jury on all issues that proceed to trial.

Dated this 8th day of December, 2017.

*/s/ Frank D. Mylar*

Frank D. Mylar
Attorney for Defendants